BONIN, J.,
Concurs with reasons.
_JjI concur but write additionally on the dispositive issue which results in the affirmation of the dismissal with prejudice of Mr. Saussy’s malpractice claim. Mr. Saus-sy simply did not offer any evidence to show that the settled outcome of the child-support litigation with his former wife was “unfavorable” to him.[1] An essential element of a client’s malpractice claim against his lawyer is establishing “some causal connection between the alleged negligence and the eventual unfavorable outcome of the litigation.” MB Industries, LLC v. CAN Ins. Co., 11-0303, p. 20 (La.10/25/11), 74 So.3d 1173, 1187. Because Mr. Saussy failed to produce factual support sufficient *8 to establish that he would be able to establish at trial that his compromise payment of $8,000 in past due child support for two children was an unfavorable outcome, summary judgment was properly granted and his malpractice claim dismissed with prejudice. See La. C.C.P. art. 966 C(2).

. The fact that Mr. Saussy agreed to the amount of the settlement after the trial judge had expressed his view that Mr. Saussy was at no disadvantage arising from the pleadings prepared by Ms. Bonin suggests that his exposure on the judgment was even greater irrespective of his contention about deficient pleadings.